[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Petitioner's writ of habeas corpus having been granted, petitioner now seeks the following relief based in the allegations of his Amended Petition dated August 6, 1991:
"Wherefore, the petitioner requests the court to order that the Florida Detainer be expunged from his file and held for naught' by the respondent, . . . ." Said relief is requested for the following reasons:
"1. It is illegally causing the petitioner to be classified as a maximum security prisoner and SHR denied him, in violation of his federal and state constitutional rights to due process and equal protection;
2. Because the lodging of the Florida detainer constituted an `arrest', similar to that of a fugitive from justice under the U.C.E.A., and when no Governor's Rendition Warrant issued at the expiration of ninety days thereafter, the detainer should have been dismissed.
3. Because the petitioner has never been provided with a hearing with the right to counsel at any time that his classification was changed to maximum security:
4. Because the Connecticut Correction Department Regulations fail to establish proper standards and guidelines for determining when a detainer from another state should qualify as a legal `detainer hold'."
Respondent now moves to quash said petition for failure to allege facts supporting a claim of illegal confinement. "On such a motion, the allegations of the petition are deemed to be CT Page 6771 admitted." Pi v. Delta, 175 Conn. 527, 528.
For the purposes of deciding the motion to quash those pertinent facts which form the basis of petitioner's legal claims are deemed admitted.
Between December 6, 1990 and March 1, 1991, petitioner was sentenced on ten "pending informations to a total effective sentence of twenty-seven (27) months"; his estimated release date is September 10, 1992.
On February 15, 1991, respondent provided petitioner "with a Form 1 (Exhibit K) the official form under the Interstate Agreement on Detainers (IAD)" which respondent received from the State of Florida: attached to said Form 1 are three documents, i.e. Exhibits L, M and N, which are the bases of said Form 1.
Paragraph 30 of said petition states: "None of said attached documents . . . are sufficient to invoke the provisions of the IAD, Sections 54-186 Connecticut General Statutes." Said paragraph does not allege facts but rather it contains a legal claim which is not admitted for the purposes of the motion to quash.
Petitioner "is classified as a maximum security prisoner due soley to the lodging of Form 1 and Exhibits L, M N."
On May 29, 1991, respondent advised the petitioner that consideration for S.H.R. [Supervised Home Release] is "being denied because this facility has on record a warrant from Florida."
Pursuant to Connecticut Department of Correction Classification manual, Respondent has classified the petitioner at Risk Level 4, pursuant to Regulations No. 5 therein, i.e. "Presence of Pending Charges and/or Detainers."
"Such a rating is the basis on which the petitions SHR has been denied."
Petitioner has never been provided with a hearing nor the availability of counsel on his classification as a maximum security prisoner, i.e. Risk 4.
As soon as the detainer is removed "he would be processed for SHR".
Florida intends to proceed with extradition when petition's sentence is completed in Connecticut.
Upon these facts, said motion should be granted. CT Page 6772
Not all detainers are within the scope of the I.A.D. "Detainers generally are based on outstanding criminal charges, outstanding parole or probation — violation charges or additional sentences already imposed against the prisoner." Carchman v. Nash, 473 U.S. 716, 719, 87 L.Ed.2d 516, 520.
Detainers based on a probation violation charge or a post-judgment detainer, although not within the scope of the IAD, are nonetheless, detainers. Carchman v. Nash, supra; Johnson v. Warden, 218 Conn. 791: Wheway v. Warden, 215 Conn. 418, 427, 428.
"The Agreement itself contains no definition of the word `detainer'. The House and Senate Reports, however, explain that `[a] detainer is a notification filed with this institution in which a prisoner is serving a sentence, advising that he is wanted to face pending criminal charge in another jurisdiction." United States v. Mauro, 436 U.S. 340, 359, 56 L.Ed.2d 329, 346.
All detainers based on an "untried indictment, information or complaint" are within the scope of the I.A.D. Said phrase "refers to criminal charges pending against a prisoner." Carchman v. Nash, supra, at 473 U.S. 725, 87 L.Ed.2d 524.
As a matter of law, in this case, the detainer, consisting of Exhibits K, L, M N, is a detainer within the scope of the IAD because the detainer is based on untried criminal charges pending in Florida, i.e. — four counts of Forgery, three counts of Petty Theft, four counts of Uttering Forgery and three counts of Dealing in Stolen Property, and failure to appear.
No authority has been provided by petitioner to support his claim that the lodging of a detainer with the custodian of a convicted, sentenced and incarcerated prisoner is an arrest. Said claim is rejected.
No authority has been provided by petitioner to support his claim that the detainer in this case must meet all the criteria for extradition. Said claim is rejected. Under the IAD, petitioner may pursue the procedures in Article III and the State of Florida may pursue the procedures under Article IV.
No authority has been provided by by the petitioner to support his claim that the detainer should be removed from his file because respondent has failed to provide petitioner with a hearing, and counsel, on classifying him as a maximum security prisoner. Said claim is rejected. That petitioner was never provided "with a hearing with the right to counsel at any time his classification was changed to maximum security" has no relevance as to the validity of the detainer. CT Page 6773
Petitioner claims a denial of due process because he was not provided a hearing with the right to counsel when he was classified to "maximum security." This claim is asserted although no relief by way of reclassification is specifically requested. Said claim is rejected for two reasons.
First, no relief from petitioner's classification as a maximum security risk is requested.
Second, were the petition liberally construed to include such a claim for relief, there is no legal basis to support this claim. "Prison classification and eligibility for various rehabilitation programs, wherein prison officials have full discretion to control those conditions of confinement, do not create a statutory or constitutional entitlement sufficient to involve due process. . . . In order for [petitioner's] conditions of confinement to qualify as a constitutionally protested `liberty', the interest must be one that is assured by either statute, judicial decree or regulation. . . . [Petitioner] must demonstrate that the conditions of confinement in question are not matters that prison officials have full discretion to control. . . . Because the prison authorities have full discretions to grant or deny the early release programs that would relieve [petitioner] from his confinement, he does not have a legitimate statutory or constitutional entitlement sufficient to invoke due process considerations. . . ." Wheway v. Warden, 215 Conn. 418, 431, 432; Sections 18-81, 18-100(e) of the General Statutes; Prisoners and the Law, Robbins, Chapter 5. Petitioner has failed to show any liberty interest "assured by either statute, judicial decree or regulation" and he has failed to show that "the conditions of confinement in question are not matters that prison officially have full discretion to control."
Accordingly, all claims for relief are denied and the petition is dismissed.
Ronald J. Fracasse, Judge